**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1011-RGA |
| | ) |
| LENOVO GROUP LTD., LENOVO | ) **JURY TRIAL DEMANDED** |
| HOLDING CO., INC., and LENOVO | ) |
| (UNITED STATES) INC. | ) |
| | ) |
| Defendants. | ) |

**LENOVO HOLDING CO., INC., AND LENOVO
(UNITED STATES) INC.'S ANSWER AND DEFENSES**

Defendants Lenovo Holding Co., Inc., and Lenovo (United States) Inc. (collectively referred to as "Lenovo" herein), through their attorneys, answer the Complaint of Plaintiff Round Rock Research, LLC ("Round Rock") as follows:

**The Parties**

1. Lenovo is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed at Lenovo, and therefore no answer is required. Upon information and belief, Lenovo Group Limited is incorporated in Hong Kong and has its principal place of business at 23rd floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong.

3. Defendant Lenovo Holding Co., Inc., admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560. Lenovo Holding Co., Inc. admits that it has appointed the Corporation Trust Company located at Corporation Trust Center, 1209 Orange

Street, Wilmington, Delaware 19801 as its agent for service of process. Lenovo denies the remaining allegations of paragraph 3.

4. Defendant Lenovo (United States) Inc. admits that it is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1009 Think Place, Morrisville, North Carolina 27560. Lenovo (United States) Inc. admits that it has appointed the Corporation Trust Company located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process. Lenovo denies the remaining allegations of paragraph 4.

### Nature of the Action

5. Lenovo admits that this is a case brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, but denies the legal sufficiency of Round Rock's claims and allegations.

### Jurisdiction and Venue

6. Lenovo admits that this Court has jurisdiction over the subject matter of this action.

7. Lenovo admits that for the purposes of this case only this Court has personal jurisdiction over Lenovo Holding Co., Inc. and Lenovo (United States) Inc. Lenovo denies the remaining allegations in paragraph 7. To the extent that the allegations in paragraph 7 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

8. Lenovo admits that for the purposes of this case only this Court has personal jurisdiction over Lenovo Holding Co., Inc. and Lenovo (United States) Inc. Lenovo further admits that it has sold and distributed products within this District. Lenovo denies the remaining

allegations of paragraph 8. To the extent that the allegations in paragraph 8 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

      9.     Lenovo denies the allegations of paragraph 9.

      10.     Lenovo denies the allegations of paragraph 10.

      11.     Lenovo admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) as to Lenovo Holding Co., Inc., and Lenovo (United States) Inc., but denies that venue for this action is convenient or serves the interest of justice. Lenovo reserves all rights to seek to transfer the present action to a more convenient forum. To the extent that the allegations in paragraph 11 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

**The Patents-In-Suit**

      12.     Lenovo admits that United States Patent No. 5,255,109 ("the '109 patent") is titled "Heat Dissipating LCD Display." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and therefore denies them.

      13.     Lenovo admits that United States Patent No. 5,787,174 ("the '174 patent") is titled "Remote Identification of Integrated Circuit." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and therefore denies them.

      14.     Lenovo admits that United States Patent No. 5,938,764 ("the '764 patent") is titled "Apparatus For Improved Storage Of Computer System Configuration Information."

Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and therefore denies them.

15. Lenovo admits that United States Patent No. 5,991,843 ("the '843 patent") is titled "Method And System For Concurrent Computer Transaction Processing." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16. Lenovo admits that United States Patent No. 6,002,613 ("the '613 patent") is titled "Data Communication For Memory." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them.

17. Lenovo admits that United States Patent No. 7,138,823 ("the '823 patent") is titled "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A Memory Device." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17, and therefore denies them.

18. Lenovo admits that United States Patent No. 7,285,979 ("the '979 patent") is titled "Apparatus And Method For Independent Control Of On-Die Termination For Output Buffers Of A Memory Device." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies them.

19. Lenovo admits that United States Patent No. 7,389,369 ("the '369 patent") is titled "Active Termination Control." Lenovo is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies them.

## Count I

### Infringement of U.S. Patent No. 5,255,109

20. Lenovo incorporates by references its responses to paragraphs 1–19 as if fully restated herein.

21. Lenovo denies the allegations of paragraph 21. To the extent that the allegations in paragraph 21 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

22. Lenovo admits that it received correspondence sent by Round Rock. The remaining allegations of paragraph 22 are denied. To the extent that the allegations in paragraph 22 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

23. Lenovo denies the allegations of paragraph 23. To the extent that the allegations in paragraph 23 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

24. Lenovo denies the allegations of paragraph 24. To the extent that the allegations in paragraph 24 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

25. Lenovo denies the allegations of paragraph 25. To the extent that the allegations in paragraph 25 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

26. Lenovo denies the allegations of paragraph 26. To the extent that the allegations in paragraph 26 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count II

### Infringement of U.S. Patent No. 5,787,174

27. Lenovo incorporates by references its responses to paragraphs 1–26 as if fully restated herein.

28. Lenovo denies the allegations of paragraph 28. To the extent that the allegations in paragraph 28 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

29. Lenovo admits that it received correspondence sent by Round Rock. The remaining allegations of paragraph 29 are denied. To the extent that the allegations in paragraph 29 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

30. Lenovo denies the allegations of paragraph 30. To the extent that the allegations in paragraph 30 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

31. Lenovo denies the allegations of paragraph 31. To the extent that the allegations in paragraph 31 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

32. Lenovo denies the allegations of paragraph 32. To the extent that the allegations in paragraph 32 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

33. Lenovo denies the allegations of paragraph 33. To the extent that the allegations in paragraph 33 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count III

### Infringement of U.S. Patent No. 5,938,764

34. Lenovo incorporates by references its responses to paragraphs 1–33 as if fully restated herein.

35. Lenovo denies the allegations of paragraph 35. To the extent that the allegations in paragraph 35 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

36. Lenovo admits that it received correspondence sent by Round Rock. The remaining allegations of paragraph 36 are denied. To the extent that the allegations in paragraph 36 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

37. Lenovo denies the allegations of paragraph 37. To the extent that the allegations in paragraph 37 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

38. Lenovo denies the allegations of paragraph 38. To the extent that the allegations in paragraph 38 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

39. Lenovo denies the allegations of paragraph 39. To the extent that the allegations in paragraph 39 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

40. Lenovo denies the allegations of paragraph 40. To the extent that the allegations in paragraph 40 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count IV

### Infringement of U.S. Patent No. 5,991,843

41. Lenovo incorporates by references its responses to paragraphs 1–40 as if fully restated herein.

42. Lenovo denies the allegations of paragraph 42. To the extent that the allegations in paragraph 42 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

43. Lenovo admits that it received correspondence sent by Round Rock. The remaining allegations of paragraph 43 are denied. To the extent that the allegations in paragraph 43 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

44. Lenovo denies the allegations of paragraph 44. To the extent that the allegations in paragraph 44 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

45. Lenovo denies the allegations of paragraph 45. To the extent that the allegations in paragraph 45 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

46. Lenovo denies the allegations of paragraph 46. To the extent that the allegations in paragraph 46 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

47. Lenovo denies the allegations of paragraph 47. To the extent that the allegations in paragraph 47 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count V

### Infringement of U.S. Patent No. 6,002,613

48.     Lenovo incorporates by references its responses to paragraphs 1–47 as if fully restated herein.

49.     Lenovo denies the allegations of paragraph 49.  To the extent that the allegations in paragraph 49 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

50.     Lenovo admits that it received correspondence sent by Round Rock.  The remaining allegations of paragraph 50 are denied.  To the extent that the allegations in paragraph 50 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

51.     Lenovo denies the allegations of paragraph 51.  To the extent that the allegations in paragraph 51 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

52.     Lenovo denies the allegations of paragraph 52.  To the extent that the allegations in paragraph 52 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

53.     Lenovo denies the allegations of paragraph 53.  To the extent that the allegations in paragraph 53 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

54.     Lenovo denies the allegations of paragraph 54.  To the extent that the allegations in paragraph 54 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count VI

### Infringement of U.S. Patent No. 7,138,823

55. Lenovo incorporates by references its responses to paragraphs 1–54 as if fully restated herein.

56. Lenovo denies the allegations of paragraph 56. To the extent that the allegations in paragraph 56 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

57. Lenovo admits that it received correspondence sent by Round Rock. The remaining allegations of paragraph 57 are denied. To the extent that the allegations in paragraph 57 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

58. Lenovo denies the allegations of paragraph 58. To the extent that the allegations in paragraph 58 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

59. Lenovo denies the allegations of paragraph 59. To the extent that the allegations in paragraph 59 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

60. Lenovo denies the allegations of paragraph 60. To the extent that the allegations in paragraph 60 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

61. Lenovo denies the allegations of paragraph 61. To the extent that the allegations in paragraph 61 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count VII

### Infringement of U.S. Patent No. 7,285,979

62.     Lenovo incorporates by references its responses to paragraphs 1–61 as if fully restated herein.

63.     Lenovo denies the allegations of paragraph 63.  To the extent that the allegations in paragraph 63 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

64.     Lenovo admits that it received correspondence sent by Round Rock.  The remaining allegations of paragraph 64 are denied.  To the extent that the allegations in paragraph 64 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

65.     Lenovo denies the allegations of paragraph 65.  To the extent that the allegations in paragraph 65 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

66.     Lenovo denies the allegations of paragraph 66.  To the extent that the allegations in paragraph 66 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

67.     Lenovo denies the allegations of paragraph 67.  To the extent that the allegations in paragraph 67 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

68.     Lenovo denies the allegations of paragraph 68.  To the extent that the allegations in paragraph 68 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## Count VIII

### Infringement of U.S. Patent No. 7,389,369

69.  Lenovo incorporates by references its responses to paragraphs 1–68 as if fully restated herein.

70.  Lenovo denies the allegations of paragraph 70.  To the extent that the allegations in paragraph 70 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

71.  Lenovo admits that it received correspondence sent by Round Rock.  The remaining allegations of paragraph 71 are denied.  To the extent that the allegations in paragraph 71 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

72.  Lenovo denies the allegations of paragraph 72.  To the extent that the allegations in paragraph 72 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

73.  Lenovo denies the allegations of paragraph 73.  To the extent that the allegations in paragraph 73 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

74.  Lenovo denies the allegations of paragraph 74.  To the extent that the allegations in paragraph 74 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

75.  Lenovo denies the allegations of paragraph 75.  To the extent that the allegations in paragraph 75 do not pertain to Lenovo Holding Co., Inc. and Lenovo (United States) Inc., no response is required, and Lenovo declines to admit or deny the same.

## DEFENSES

### First Defense – Non-Infringement

76. Lenovo is not infringing and has not infringed, directly, contributorily, or by inducement, any asserted claim of the '109 patent, the '174 patent, the '764 patent, the '843 patent, the '613 patent, the '823 patent, the '979 patent, or the '369 patent (collectively "asserted patents") either literally or under the doctrine of equivalents.

### Second Defense – Invalidity

77. The asserted patents are invalid for failing to comply with Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116.

### Third Defense – Equitable Doctrines

78. Round Rock's claims of infringement for each of the asserted patents are barred by equitable doctrines including laches and estoppel.

### Fourth Defense – Lack of Ownership and Standing

79. To the extent that Round Rock does not have substantially all rights to the asserted patents or its purported assignment is defective for any reason, Round Rock lacks standing to bring this action.

### Fifth Defense – Adequate Legal Remedy

80. On information and belief, Round Rock has an adequate remedy at law and no basis exists for the grant of equitable or injunctive relief.

### Sixth Defense – Substantial Non-Infringing Uses

81. Lenovo's accused technology has substantial non-infringing uses and therefore does not contribute to the alleged infringement of any claims of the asserted patents.

### Seventh Defense – Prosecution Laches

82. On information and belief, Round Rock's claim for relief purportedly based on the '174 patent is barred by the doctrine of prosecution laches.

### Eighth Defense -- License

83. The relief sought by Round Rock with respect to each of the asserted patents is barred in whole or in part by the existence of an express and/or implied license.

### Ninth Defense – Failure to Mark

84. To the extent Round Rock seeks damages for alleged infringement of any of the asserted patents prior to the filing of the Complaint or providing the requisite notice of its infringement allegations to Lenovo, its claims are barred under 35 U.S.C. § 287.

### Tenth Defense – Time Limitation on Damages

85. To the extent Round Rock seeks damages for alleged infringement of any of the asserted patents more than six years prior to the filing of this action, its claims are barred under 35 U.S.C. § 286.

### **PRAYER FOR RELIEF**

WHEREFORE, Lenovo prays for the following relief:

A. That Round Rock be denied all relief requested in its Complaint and take nothing;

B.     That judgment be entered declaring that Lenovo has not infringed and does not infringe, directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '109 patent, the '174 patent, the '764 patent, the '843 patent, the '613 patent, the '823 patent, the '979 patent, or the '369 patent are invalid;

C.     That judgment be entered declaring that the claims of the '109 patent, the '174 patent, the '764 patent, the '843 patent, the '613 patent, the '823 patent, the '979 patent, or the '369 patent are invalid;

E.     That judgment be entered determining this as an exceptional case pursuant to 35 U.S.C. § 285 and awarding Lenovo its costs, expenses and attorneys' fees; and

F.     That Lenovo be awarded such other and further relief as the Court deems equitable and just.

## JURY DEMAND

Lenovo demands a trial by jury.

|  | Respectfully submitted, |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |

OF COUNSEL:

John Flock
Michelle Carniaux
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Tel.: (212) 425-7200

John R. Hutchins
KENYON & KENYON LLP
1500 K Street, NW
Washington, DC 20005-1257
Tel.: (202) 220-4200

Dated:  February 27, 2012
1048959 / 38491

By:  */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Defendant Lenovo Holding Co., Inc., and Lenovo (United States) Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on February 27, 2012, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on February 27, 2012, the attached document was Electronically Mailed to the following person(s):

| | |
|---|---|
| Brian E. Farnan<br>Farnan LLP<br>919 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>bfarnan@farnanlaw.com | Paul A. Bonder<br>Jonas R. McDavit<br>Desmaris LLP<br>230 Park Avenue<br>New York, NY 10169<br>pbondor@desmaraisllp.com<br>jmcdavit@desmaraisllp.com |

By:   */s/ David E. Moore*
       Richard L. Horwitz
       David E. Moore
       POTTER ANDERSON & CORROON LLP
       Tel: (302) 984-6000
       rhorwitz@potteranderson.com
       dmoore@potteranderson.com

1034222 / 38491