

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROUND ROCK RESEARCH, LLC,

*Plaintiff*,

v.

LENOVO HOLDING COMPANY INC. and
LENOVO (UNITED STATES) Inc.,

*Defendants*.

Civil Action No. 1:11-cv-
01011-RGA

**JURY TRIAL DEMANDED**

## PROTECTIVE ORDER REGARDING
## THE DISCLOSURE AND USE OF DISCOVERY MATERIALS

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and paragraph 4 of the

Scheduling Order (D.I. 21), the Court hereby enters the following Protective Order Regarding

the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the

conditions for treating, obtaining, and using documents, testimony, or information containing or

reflecting confidential, proprietary, trade secret, and/or commercially sensitive information.

### 1.    PURPOSE AND LIMITATIONS

(a)    Protected Material designated under the terms of this Protective Order shall be

used by a Receiving Party solely for this litigation, and shall not be used directly or indirectly for

any other purpose whatsoever, and its disclosure is prohibited except as expressly provided in

this Order.

(b)    The parties acknowledge that this Order does not confer blanket protections on all

disclosures during discovery.  Designations under this Order shall be made with care and shall

not be made absent a good faith belief that the designated material satisfies the criteria set forth below. If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other parties that it is withdrawing or changing the designation.

## 2. **DEFINITIONS**

(a) "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this matter.

(b) "Patents-in-suit" means U.S. Patent Nos. 5,255,109; 5,787,174; 5,938,764; 5,991,843; 6,002,613; 7,138,823; 7,285,979; and 7,389,369, and any other patent asserted in this litigation, as well as any related patents, patent applications, provisional patent applications, continuations, and/or divisionals.

(c) "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel and their support staffs.

(d) "Producing Party" means any Party or other third-party entity who discloses or produces any Discovery Material in this action.

(e) "Protected Material" means any Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "CONFIDENTIAL —ATTORNEYS' EYES ONLY — SOURCE CODE" as provided for in this Order. Protected Material shall not include published advertising materials, materials that have been disseminated to the public, or information that the Receiving Party can show was lawfully in the Receiving Party's possession prior to being designated as Protected Material in this litigation.

- 2 -

(f) "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party, (ii) partners and associates of such counsel to whom it is reasonably necessary to disclose the information for this litigation, and (iii) outside, independent attorneys contracted to provide legal advice to a Party in connection with this action. By agreement, John Desmarais and Gerard deBlasi *and James Burris* will not act as Outside Counsel or in-house counsel for Round Rock.

(g) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

(h) "Source Code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module.

## 3.   COMPUTATION OF TIME

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6(a) and 6(e).

## 4.   SCOPE

(a) The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or their counsel in court or in other settings that might reveal Protected Material.

(b) Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who prepared the Discovery Material.

(c) Except as may be otherwise ordered by the Court, any person may be examined as a

witness at depositions and trial and may testify concerning all Protected Material of which such person has prior knowledge as set forth below:

(i) A present director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material which has been produced by that Party;

(ii) A former director, officer, and/or employee of a Producing Party may be examined at deposition and may testify concerning all Protected Material of the Producing Party that establishes on its face or is established from other documents or testimony to have been previously received from or communicated to that person and of which he or she has prior knowledge, including any Protected Material that refers to matters of which the witness has personal knowledge, has been produced by that Party, and pertains to the period or periods of his or her employment; and

(iii) Non-parties may be examined during deposition or testify concerning any document containing Protected Material of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Protected Material under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.

(d) Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with consent of the Producing Party or Order of the Court.

(e) This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

## 5.    **DURATION**

Unless modified, superseded or terminated pursuant to the terms contained in this Order, this Protective Order shall remain in effect through the conclusion of this litigation (including all appeals). After the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## 6.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a) Basic Principles.  Protected Material shall be used solely for this litigation ("Delaware action"), or any related appellate proceeding.  Protected Material shall not be used for any other purpose, including without limitation any other litigation, patent prosecution activities, reexamination, patent acquisition, patent licensing, or any business or competitive purpose or function.  Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

(b) Prosecution Bar.

(i) Absent the written consent of the Producing Party, any of Plaintiff's or Defendants' Outside Counsel or their respective employed staff who actually receives or accesses Protected Material of another party or third party designated CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE shall refrain from drafting, amending or supervising the drafting or amending of patent claims relating to information of the type disclosed in the parties' Protected Material concerning personal computer displays; short-range communications; double data rate synchronous dynamic

- 5 -

random-access memory (DDR SDRAM); universal serial bus (USB) protocol; and computer

system basic input/output system (BIOS) systems, including without limitation, drafting,

amending or supervising of drafting or amending such patent claims before any foreign or

domestic agency, including the United States Patent and Trademark Office. This bar shall begin

when access to the Protected Material of another party or third party designated

CONFIDENTIAL – ATTORNEYS' EYES ONLY or CONFIDENTIAL – ATTORNEYS' EYES

ONLY – SOURCE CODE is first received by the affected individual, and shall end  two years

following the final resolution this action, including all appeals.  The parties expressly agree that

the prosecution bar set forth herein shall be personal to any of Plaintiff's or Defendants' Outside

Counsel or Outside Counsel's employed staff who actually reviews Protected Material of another

party or third party designated CONFIDENTIAL – ATTORNEYS' EYES ONLY or

CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE and shall not be imputed

to any other persons or attorneys at the Outside Counsel's law firm.  It is expressly agreed that

Outside Counsel and their employed staff who work on this matter without reviewing Protected

Material of another party or third party designated CONFIDENTIAL – ATTORNEYS' EYES

ONLY or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE shall not be

restricted from engaging in prosecution activity or other matters that fall within the prosecution

bar.

    (ii) <u>Exemptions for Reexamination Or Post-Issuance Proceeding</u>: Nothing in this

paragraph should be construed to preclude a Party's Outside Counsel from advising or

participating in a reexamination or other post-issuance proceeding of any patent for which that

Outside Counsel is litigation counsel in an action involving the patent in reexamination.  This

exemption expressly includes participation in any reexamination of any Patent-in-Suit, initiated

during the pendency of this litigation, including any appeals.

(c) <u>Secure Storage</u>. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

(d) <u>Legal Advice Based on Protected Material</u>. Nothing in this Protective Order shall be construed to prevent Counsel from advising their clients with respect to this litigation based in whole or in part upon Protected Materials, provided Counsel does not disclose the Protected Material itself except as provided in this Order. ~~In addition, nothing in this protective order shall be construed to prevent two designated client representatives from reviewing all Court filings in unredacted form.~~ *RGA*

(e) <u>Limitations</u>. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (a) that is or has become publicly known through no fault of the Receiving Party; (b) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (c) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (d) with the consent of the Producing Party; (e) pursuant to Order of the Court; or (f) as otherwise required by law.

## 7.   **DESIGNATING PROTECTED MATERIAL**

(a) <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

(b) <u>Written Discovery and Documents and Tangible Things</u>. Written discovery,

documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on every page of the written material prior to production. In the event that original documents are produced for inspection, the Producing Party may produce the documents with a temporary designation without marking the documents themselves, provided that the documents are re-designated as necessary by placing the appropriate legend on the documents in the copying process. Moreover, media containing documents may be designated by marking the media with the appropriate confidential designation. If documents are printed from the media, they shall be immediately marked with the designation on the media.

(c) <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice that the testimony is designated within thirty (30) days of receipt of the transcript of the testimony. All information disclosed during a deposition shall be deemed CONFIDENTIAL — ATTORNEYS' EYES ONLY unless designated otherwise. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except under the terms of the Court's Protective

- 8 -

Order, or by other order of the Court, or pursuant to written stipulation of the parties."

(d) Any court reporter or videographer who reports, transcribes or videotapes testimony in this action shall not disclose any Protected Material, except pursuant to the terms of this Order. To the extent that Protected Material is used in depositions, at hearings, or at trial, such information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to such information contained therein.

(e) In the event that any Protected Material is used in any court proceeding in this action, the confidentiality of such materials shall be protected as determined and directed by the Court.

(f) All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated as set forth in Paragraph 7(b), shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

(g) Any documents (including physical objects) made available for initial inspection by Outside Counsel of record for the Receiving Party prior to producing copies of selected items shall be considered, as a whole, to constitute CONFIDENTIAL —ATTORNEYS' EYES ONLY— SOURCE CODE and shall be subjected to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL —ATTORNEYS' EYES ONLY, or CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE prior to furnishing copies to the receiving party.

~~(h) Notwithstanding paragraphs 7(a)-(g), each party may designate two individuals who would be otherwise screened from reviewing Protected Material that may review unredacted versions of briefs filed in this action by either party or may be present in court when Protect~~ed

Material is discussed

RGA

8.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

(a) A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information.

(b) Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i) The Receiving Party's Outside Counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii) Two (2) identified representatives of the Receiving Party

(iii) Two (2) identified in-house counsel with responsibility for managing or evaluating this litigation including in-house counsel's employed supporting staff;

(iv) Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this action, and who are not current employees of the Receiving Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(v) Court reporters, stenographers and videographers retained to record testimony or argument taken in this action or any appeal therefrom;

(vi) The Court, its technical advisor (if one is appointed), persons employed by

- 10 -

the court, jury, mediators, and court personnel;

(vii) Graphics, translation, design, jury and/or trial consulting services including mock jurors retained by a Party provided all such persons have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

(viii) Data processing vendors, photocopy, document imaging and database services, and consultants retained by Outside Counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(ix) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x) Any other person with the prior written consent of the Producing Party.

## 9.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL — ATTORNEYS' EYES ONLY"

(a) A Producing Party may designate Discovery Material as CONFIDENTIAL ATTORNEYS' EYES ONLY if it contains or reflects information that is proprietary financial or technical or commercially sensitive competitive information, including but not limited to information obtained from a non-party pursuant to a current nondisclosure agreement, strategic plans, technical documents that would reveal trade secrets, settlement agreements or settlement communications, and confidential technical, sales and financial information, and the Producing Party reasonably believes that the disclosure of such Discovery Material is likely to cause economic harm or competitive disadvantage to the Producing Party.

(b) Discovery Material designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed only to:

- 11 -

(i) The Receiving Party's Outside Counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii) Two (2) identified in-house counsel with responsibility for managing or evaluating this litigation, including in-house counsel's employed supporting staff provided that: (a) each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist after proper notice has been given;

(iii) Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this action, and who are not current employees of the Receiving Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iv) Court reporters, stenographers and videographers retained to record testimony or argument taken in this action or any appeal therefrom;

(v) The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(vi) Graphics, translation, design, jury and/or trial consulting services including mock jurors retained by a Party provided all such persons have signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order;

(vii) Data processing vendors, photocopy, document imaging and database services, and consultants retained by Outside Counsel of record to set up, maintain and/or operate computer systems, litigation databases or to convert data for inclusion in such databases;

(viii) At a deposition or at trial, any person who falls within the scope of paragraph 12, below;

(ix) Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(x) Any other person with the prior written consent of the Producing Party.

## 10.    DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE"

(a) Documents or other things that contain a party's Source Code may be designated "CONFIDENTIAL —ATTORNEYS' EYES ONLY — SOURCE CODE," if they comprise or include Source Code (i.e., computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator, or other data processing module) and any descriptions thereof.

(b) Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any party to produce any Source Code.

(c) Discovery Material designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" shall be subject to the provisions set forth in Paragraph 11 below, and may be disclosed, subject to Paragraph 11 below, solely to:

(i) The Receiving Party's Outside Counsel of record in this action and employees of such counsel assigned to and necessary to assist such counsel in the preparation and trial of

this action, including but not limited to paralegals, law clerks, and stenographic and clerical employees, and excluding consultants, experts, and investigators;

(ii) Any expert or consultant retained by the Receiving Party or its counsel of record to assist in this action, and who are not current employees of the Receiving Party or a competitor of the Producing Party, provided that disclosure is only to the extent necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 12(b) below;

(iii) Court reporters, stenographers and videographers retained to record testimony or argument taken in this action or any appeal therefrom;

(iv) The Court, its technical advisor (if one is appointed), persons employed by the court, jury, mediators, and court personnel;

(v) Any other person with the prior written consent of the Producing Party.

## 11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

Delaware "Default Standard For Access To Source Code" shall apply except as modified below per the Parties' agreement.

(a) Documents or other things that are designated Confidential and contain a party's computer Source Code may be designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE" and shall be provided the following further protections.

(i) Any Source Code that is produced shall be made available for inspection in electronic format at the Producing Party's option at (a) the office of Producing Party's counsel, (b) the facilities of the Producing Party, or (c) another location mutually agreed upon by the Parties.

(ii) The Receiving Party shall provide ten (10) days notice prior to commencing its initial inspection. Following its initial inspection, the Receiving Party shall identify all persons who will review a Producing Party's Source Code Computers on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, to the Producing Party at least three (3) days in advance of the first time that such person reviews such Source Code. The Receiving Party shall conduct any inspections during regular business hours (8:00 a.m. to 6:00-pm local time). However, to the extent access is necessary outside of normal business hours, the parties agree to cooperate in good faith and make reasonable efforts to accommodate reasonable requests for access outside of normal business hours. For purposes of this Protective Order, the term "Inspection Session" shall mean any reasonably contiguous series of days in which the Receiving Party is conducting an inspection of the Source Code.

(iii) The Receiving Party may not bring any electronic devices, such as cell phones or laptops, with it into the Source Code review room of the secure offices. Beginning one week prior to the beginning of trial and continuing through the end of trial, access to said Source Code shall be provided within the Wilmington, Delaware area. Prior to trial, the parties agree to negotiate in good faith the manner and logistics of said Source Code access.

(iv) Source code will be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a private room at the secure office on a separate secured computer without Internet access or network access to other computers ("Source Code Computer"), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection. The Producing Party will work in good faith to provide the use of a Source Code computer with functionality sufficient to allow

- 15 -

the inspection contemplated herein. Producing Party shall install such tools or programs necessary to review and search the code produced on the platform produced. The Receiving Party's Outside Counsel and/or experts may request that other commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer. The Receiving Party must provide the Producing Party with the installers/executables for such software tool(s) at least two days in advance of the inspection. The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy substantial portions of the Source Code into the notes. For purposes of this provision, fifteen or more lines of code is "substantial." No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(v) The Producing Party may not monitor or record via any electronic means the activities of the Receiving Party's representatives during any Source Code review. The Producing Party may visually monitor the activities of the Receiving Party's representatives to the extent permitted in Paragraph 11(viii).

(vi) The Producing Party shall make available a laser printer with blank paper for on-site printing during inspection of the Source Code. The Receiving Party may print limited portions of the Source Code when reasonably necessary to prepare court filings or pleadings or other papers (including an expert report). Upon printing any such portions of Source Code, the printed pages shall be collected by the Producing Party. The Producing Party shall Bates number, copy, and label "CONFIDENTIAL –ATTORNEYS' EYES ONLY—SOURCE CODE" any pages printed by the Receiving Party. Within three (3) business days, the Producing Party shall

either (i) send one copy set of such pages to the Receiving Party, for next business day delivery or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Producing Party shall be entitled to seek a Court resolution of whether the printed Source Code in question was printed for a permitted purpose.

(vii) The Receiving Party may also request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purpose of reviewing the Source Code other than electronically in the first instance. Upon reasonable request, the Producing Party shall produce to the Receiving Party printed copies of requested files contained on the Producing Party's Source Code Computer under the following terms and conditions:

a. A request for printed copies of files shall include, on a file-by-file basis, the complete file path associated with each file. If additional information is required to uniquely identify the requested files, then the request shall include, on a file-by-file basis, such additional information. The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in subparagraph (d) below.

b. A party may request multiple versions or revisions of the same file, but the requesting party must specify the exact dates or the exact numbers for each version or versions sought. The Producing Party and the Receiving Party shall cooperate in identifying the precise files which are sought.

- 17 -

c.  Any printed copy of a Source Code file shall be marked and designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE," must be maintained in the private inspection rooms identified in Paragraph 11(a)(iv), and shall be disclosed and disseminated only to the individuals identified in Paragraphs 10(c)(i)–(v).  The Producing Party shall clearly identify the file path of the underlying file as well as any additional information required to uniquely identify the underlying file on any printed copy of a Source Code file.

d.  The Producing Party shall have ten (10) business days in which to object in writing as to the extent or relevance of the requested printout(s).  If no such objection is made, the Producing Party shall produce a copy of the printout(s) to the Reviewing Party pursuant to the terms of Paragraphs 10(c)(i)–(v).  If objection is made, the parties shall meet and confer within five (5) business days in a good faith attempt to resolve the objection.  If the objection is not resolved, the Producing Party shall have fourteen (14) business days after the expiration of the meet and confer period in which to file a motion for relief from production of the printout(s) that are the subject of the objection.  The printout(s) shall be retained by the Producing Party, and not produced, pending the Court's resolution of the motion.

(viii)  A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including e-mail) notice requesting inspection.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room.  The Producing Party may also visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

(ix) Unless otherwise agreed in advance by the parties in writing, following each inspection, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session.

(x) The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper or electronic copies of the Source Code at the offices of the Receiving Party's Outside Counsel of record in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(xi) The Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.

(xii) To the extent portions of Source Code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE. Any CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE filed with the Court shall be filed under seal.

(xiii) The Receiving Party's Outside Counsel of record may make no more than five (5) additional paper copies of any portions of the printed Source Code, not including copies

attached to court filings.  All paper copies shall be securely destroyed if they are no longer in use (e.g., unmarked and/or spare copies at the conclusion of a deposition).  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

(xiv) Except as provided in this Protective Order, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the Source Code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of selected portions of the Source Code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers and Source Code page and line numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  To the extent any electronic images of any portion of Source Code are permitted under this Protective Order, such electronic images must be encrypted using commercially reasonable encryption software including password protection; pleadings, briefs, and other work product containing excerpts of Source Code need not be encrypted.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized under Paragraphs 10(c)(i)–(v) to see Source Code under the provisions of this Protective Order.  All electronic copies must be labeled "CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE."

(xv) The Receiving Party shall maintain a log of any individual who has inspected any portion of the Source Code in electronic or paper form ("SOURCE CODE LOG"). The log shall include the dates and times of any access, all printed or electronic copies of the Source Code that are delivered by the Receiving Party to any qualified person and the names of the recipients of copies and locations where the copies are stored. The log shall be provided by the Receiving Party to the Producing Party upon request. If the Source Code is to be disclosed to any expert, consultant, translator or independent contractor, who is not employed by any party, and who is assisting counsel in the prosecution and/or defense of this action, not only must the party comply with the provisions of the Order, but also, the Outside Counsel of record may only permit access to an electronic or paper copy at Outside Counsel of record's offices, in Court, or during a deposition as otherwise prescribed by this Order.

(xvi) Outside Counsel of record for the requesting party will return the SOURCE CODE LOG to the producing party within sixty (60) days of the final determination of this action. In addition, all paper copies of any portion of the Source Code (all of which have been marked and recorded in the SOURCE CODE LOG) will be destroyed along with all analyses, summaries, and documents containing or referring to all or any portion of the Source Code. A representative for the Receiving Party shall certify under oath that such documents have been destroyed within sixty (60) days of the final determination of this action.

## 12. EXPERTS AND CONSULTANTS

(a) Experts or consultants receiving Protected Material shall not be a current officer, director or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party.

(b) Prior to disclosing any Protected Material to any outside experts or consultants, the party seeking to disclose such information shall provide the Producing Party or Parties with

- 21 -

written notice that includes: (i) the name of the person; (ii) the present employer, business address, and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition.

(c) Within ten (10) days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party or Parties may object in writing to the proposed outside expert or consultant for good cause. In the absence of an objection at the end of the ten (10) day period, the person shall be deemed approved under this Protective Order. There shall be no disclosure of Protected Material to any expert or consultant prior to expiration of this ten (10) day period. If the Producing Party objects to disclosure to the expert or consultant within such ten (10) day period, the parties shall meet and confer via telephone or in person within five (5) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the party objecting to the disclosure will have fourteen (14) days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, designated materials shall not be disclosed to the proposed expert or consultant in question until the objection is resolved by the Court.

(d) For purposes of this section, "good cause" shall include an objectively reasonable concern that the proposed outside expert or consultant will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.

(e) Prior to receiving any Protected Material under this Order, the proposed outside expert or consultant must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto).

## 13.    CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

(a) A Party shall not be obligated to challenge the propriety of any designation of Discovery Material under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto.

(b) Any challenge to a designation of Discovery Material under this Order shall be written, shall be served on Outside Counsel of record for the Producing Party, shall particularly identify the documents or information that the Receiving Party contends should be differently designated, and the grounds for the objection. Thereafter, further protection of such material shall be resolved in accordance with the following procedures:

(i) The objecting party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. The designating party shall have the burden of justifying the disputed designation;

(ii) Failing agreement, the objecting party may bring the dispute to the Court pursuant to the process identified in Paragraph 3(g) of the Scheduling Order for a ruling that the Discovery Material in question is not entitled to the status and protection of the Producing Party's designation. The parties' entry into this Order shall not preclude or prejudice either party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information;

(iii) Notwithstanding any challenge to a designation, the Discovery Material in question shall continue to be treated as designated under this Protective Order until one of the following occurs: (a) the party who designated the Discovery Material in question withdraws such designation in writing; or (b) the Court rules that the Discovery Material in question is not entitled to the designation.

14.    **SUBPOENAS OR COURT ORDERS**

(a) If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall as soon as practicable give written notice thereof to every party who has produced such Discovery Material and to its counsel and shall provide each such party with an opportunity to move for a protective order regarding the production of Protected Material, and may thereafter provide such Protected Materials as necessary in accordance with the subpoena.

15.    **FILING PROTECTED MATERIAL**

All documents containing Protected Material shall be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware and any other applicable court orders or rules.

16.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

(a) The inadvertent production by a party of Discovery Material subject to the attorney-client privilege, or work-product immunity, or any other applicable privilege or immunity from discovery, will not waive the applicable privilege, immunity and/or protection if a request for return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production.

(b) Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged, immune and/or protected, each Receiving Party shall

immediately return all copies of such inadvertently produced Discovery Material to the Producing Party and shall immediately destroy the content of any such inadvertently produced Discovery Material in any Receiving Party work product.

(c) Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. The receiving party shall not use such information for any purpose until further Order of the Court. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but the challenge shall not assert as a ground for production the fact or circumstances of the inadvertent production or any information about the contents of the materials that was gained due to the inadvertent production.

## 17. **INADVERTENT FAILURE TO DESIGNATE**

(a) The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material protected under one of the categories of this Order within ten (10) days of the Producing Party learning of the inadvertent failure to so designate.

(b) A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice of the inadvertent failure to designate. Once a Receiving Party has received notice of the inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such Discovery Material at the appropriately designated

level pursuant to the terms of this Protective Order. To the extent that such information may already have been disclosed to persons not authorized to see the CONFIDENTIAL, CONFIDENTIAL — ATTORNEYS' EYES ONLY, or CONFIDENTIAL — ATTORNEYS' EYES ONLY — SOURCE CODE, the Receiving Party shall make every reasonable effort to retrieve the information promptly from such persons and to limit any further disclosure to unauthorized persons.

18.     **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

(a) In the event of a disclosure of any Discovery Material that is subject to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

(b) Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.     **NON-PARTY USE OF THIS PROTECTIVE ORDER**

(a) A non-party producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit. However, non-parties shall not have access to any CONFIDENTIAL, CONFIDENTIAL — ATTORNEYS' EYES ONLY, or CONFIDENTIAL —ATTORNEYS' EYES ONLY — SOURCE CODE produced by any Party in this case, except as provided in paragraph 4(c).

## 20.   **FINAL DISPOSITION**

(a) Not later than thirty (30) days after the final disposition of the Delaware litigation (including after any appeals), each party shall return all Protected Material of a Producing Party to the respective Outside Counsel of record of the Producing Party or shall certify under the penalty of perjury that all such Protected Materials has been destroyed at the Receiving Party's option.

(b) All parties that have received any such Protected Material shall certify in writing under the penalty of perjury that all such materials have been returned to the respective Outside Counsel of record of the Producing Party or destroyed.  Notwithstanding the provisions for return or destruction of Protected Material, Outside Counsel may retain pleadings and attorney and consultant work product for archival purposes and do not have redact any Protected Materials.

## 21.   **MISCELLANEOUS**

(a) <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

(b) <u>Termination of Litigation and Retention of Jurisdiction</u>.  The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.  The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of this Protective Order.

(c) <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives,

assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

(d) <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. This Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

(e) <u>Burdens of Proof</u>. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

(f) <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**SO ORDERED**

SIGNED this 15th day of May, 2012.

RICHARD G. ANDREWS
United States District Judge

## EXHIBIT A

I, _____, acknowledge and declare that I have received a

copy of the Protective Order ("Order") in *Round Rock v. Lenovo Holding Company Inc. and*

*Lenovo (United States) Inc.*, United States District Court, District of Delaware, Civil Action No.

11-cv-01011 RGA. Having read and understood the terms of the Order, I agree to be bound by

the terms of the Order and consent to the jurisdiction of said Court for the purpose of any

proceeding to enforce the terms of the Order.

      Name of individual: _____

      Present occupation/job description: _____

      Name of Company or Firm: _____

      Address: _____

      Dated: _____


                                  _____

                                    [Signature]

- 30 -