# FARNAN LLP

May 14, 2012

**Via Hand Delivery – Filed Under Seal**
The Honorable Richard G. Andrews
United States District Court
844 N. King Street, Unit 9, Room 2325
Wilmington, DE 19801-3555

Re: *Round Rock Research v. Dell Inc., Acer Inc. et al., and Lenovo Holding Inc. et al.*, case nos. 11-cv-976, 11-cv-977, 11-cv-1011 (D. Del.)

Dear Judge Andrews:

In at least six currently pending cases, Dell has sought to disqualify opposing counsel.[1] Although courts have rejected every one of those attempts to date, Dell, Acer, and Lenovo, ("defendants") adopt Dell's tactic again here, asking this Court to enter protective orders with starkly asymmetric provisions intended to deny Round Rock its chosen counsel. But the defendants chose not to mention that Dell has already made and lost the same motion regarding the same parties in Texas just a few weeks ago, and lost it a second time only last week.[2] In a well-reasoned, thorough decision, the Texas Court has already (1) found that "there is no factual or legal basis to deem Desmarais LLP's other sixteen lawyers as competitive decisionmakers for Round Rock and disqualify them from discovery", (2) concluded that the harm to Round Rock for disqualifying its chosen outside counsel outweighed any speculative harm to Dell, and (3) rejected Dell's unprecedented legal theory seeking to impute knowledge received from an adversary under a litigation protective order to other members of a law firm.[3]  Undaunted, and without any intervening change in law or facts, Dell chose not to disclose those decisions, and reloads for a third try here. This time around, defendants request protective order terms even more extreme than those already rejected in Texas, framing their proposed "competitive decisionmaker" provisions to apply ***only to Round Rock and its outside counsel.*** But neither the law nor the facts support that extraordinary request, and this Court should reject it, too.

*First*, although again unmentioned by defendants, Round Rock has confirmed that John Desmarais will not act as trial counsel or in-house counsel in these cases, and will consequently not have access to any properly-designated, attorneys-eyes-only confidential materials.[4] *Second*, even without the artificial "competitive decisionmaker" provisions, Desmarais LLP will not be permitted,

---

[1] *E.g., Round Rock Research v. Dell, Inc.*, 4:11-cv-332-RC-ALM (E.D. Tex.), D.I. 80; *see also, Garnet Digital v. Apple.*, No. 6:11-cv-647-LED (E.D. Tex. Jan. 9, 2012), D.I. 93; *E-Contact Techs. v. Apple*, No. 1:11-cv-426-DF-KFG (E.D. Tex. Jan. 3, 2012), D.I.. 209; *Semicond. Ideas to the Mkt. BV v. Texas Instr.*, No. 1:11-cv-451-DF-KFG (E.D. Tex. Jan. 2, 2012), D.I. 111; *MacroSolve v. AT&T Inc.*, No. 6:11-cv-490–LED (E.D. Tex. Dec. 28, 2011), D.I. 66; *Secure Axcess v. Dell.*, No. 6:11-cv-338-LED (E.D. Tex. Dec. 28, 2011), D.I. 136. Courts denied Dell's motions in the *Round Rock*, *Garnet Digital*, *MacroSolve*, and *Secure Axcess* actions; Dell's motions in the other actions remain pending.
[2] McDavit Decl. Ex. A; Ex. B May 7, 2012 Docket Entry (denying Dell's motion for reconsideration of Ex. A.)
[3] Ex. A at 6-7, n.5
[4] Thompson Decl. ("Defs.") Exs. 5-6; McDavit Decl. ¶ 1.

1

under the agreed-upon provisions of the protective order, to share any such information with Mr. Desmarais. Nor, as the Texas Court has found, is there any legal, factual, or policy basis to "impute" such information to Mr. Desmarais. *Third*, defendants cannot factually justify the sweeping relief they seek. Under controlling law, in order to bar counsel from receipt of confidential information, defendants must establish—for each individual attorney they seek to bar—that disclosing confidential materials to that person presents a substantial risk of inadvertent disclosure, ***and*** that resulting harm from such inadvertent disclosure outweighs the harm caused by depriving Round Rock of its chosen counsel. Defendants undertake no such individualized analysis, nor do they identify any legally cognizable "harm" that would justify the draconian provisions they seek—they identify no authority recognizing a protectable right to continue secret, concealed infringement of Round Rock's patents. Finally, they make no meaningful effort to balance any speculative risk of unidentified "harm" against the certain harm resulting to Round Rock by depriving it of its chosen litigation counsel. Accordingly, the Court should reject the contested provisions.

Legal Standards. A party seeking a protective order must show good cause for its entry. *In re Deutsche Bank Trust Co.*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citing Fed. R. Civ. P. 26(c)). "Good cause" requires a specific demonstration that disclosure will cause a clearly defined and serious injury"; broad allegations of harm will not suffice. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). Then the court must balance the risk of inadvertent or accidental disclosure "against the potential harm to the opposing party in denying it the counsel of its choice." *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010) (citing *Deutsche Bank*, 605 F.3d at 1380-81, *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)) "Whether an unacceptable opportunity for inadvertent disclosure exists ... must be determined ... by the facts on a counsel-by-counsel basis." *Xerox*, 270 F.R.D. at 183.

Argument. The facts here pose no identified risk of inadvertent disclosure of defendants' confidential information. Even if one were to treat Mr. Desmarais, as Round Rock's President, as a "competitive decisionmaker" with respect to defendants—a conclusion that is not justified under the facts or controlling law[5]—Mr. Desmarais will not have access to ***any*** of defendants' properly-designated, attorney-eyes only, confidential information. Thus, there is no real-world risk of inadvertent disclosure by Mr. Desmarais that justifies the proposed provisions.

Nor will Mr. Desmarais have access to defendants' commercially sensitive information through any lawyer at Desmarais LLP. Even without the contested provisions, the protective order would not permit any lawyer at Desmarais LLP to share such information with Mr. Desmarais. Nor is imputation appropriate—indeed, the Texas Court already rejected the very "imputation" argument defendants make here.[6] Imputation is not required by law[7], and it cannot justify a

---

[5] Defendants have not established that John Desmarais (or anyone else at Round Rock) is a competitive decisionmaker with respect to any defendant, as the Federal Circuit has applied that term in *U.S. Steel* and *Deutsche Bank*. But Round Rock simply does not "compete" with defendants, nor make any decisions about "pricing, product design, etc." in light of similar or corresponding information from defendants. Though one court has applied the term somewhat more broadly, *see SST Sales Tech Holdings v. Daimler Chrysler*, No. 6:07-cv-346-LED-JDL, 2008 WL 5634214 (E.D. Tex. Mar. 14, 2008), the facts of that case are starkly different from those here.

[6] Ex. 1 at 6.

[7] Neither *Nemours Found. v Gilbane*, 632 F. Supp. 418 (D. Del. 1986)—a case involving the attempted disqualification of a law firm due to an attorney switching sides between parties in litigation—nor Delaware Rule of Professional Conduct 1.10(a)—which imputes ***client*** conflicts to members of a firm, not information from adversaries under a protective order—stand for the propositions that defendants advance.

2

protective order: by its very nature, imputed knowledge cannot create the real-world risk of inadvertent disclosure required to justify protective order provisions.

Defendants' one-sided "competitive decisionmaker" definition goes wildly beyond the factual circumstances in which courts have applied that doctrine to bar access to confidential information. Rather than narrowly tailoring the protective order to address a specific risk of inadvertent disclosure, defendants' proposed definition bars access to any lawyer "involved in the identification, selection, analysis, or review of potential licensing or litigation targets for Round Rock." But those routine tasks are undertaken by outside litigation counsel *every single day*; indeed, those activities are *required* by the Federal Rules. Under defendants' definition, any lawyer undertaking a pre-filing investigation automatically becomes a "competitive decisonmaker", and ineligible to receive confidential information in litigation. That blanket treatment is far from the individualized analysis compelled by law. *Deutsche Bank*, 605 F.3d at 1378. ▮

▮[8] ▮

▮[9] Taken individually or collectively, none matches the extreme facts of *ST Sales* or *ProBatter Sports*.[10]

Finally, defendants' speculative "risk" of dubious "harm" is substantially outweighed by the certain harm resulting to Round Rock, who "has a strong interest in choosing its own counsel-particularly in the complex and technical realm of patent litigation." *Xerox*, 270 F.R.D. at 183. ▮

▮[11] That real-world harm to Round Rock far outweighs the non-existent harm to defendants under standard protective order terms.

Consequently, Round Rock requests that the Court enter Round Rock's proposed protective orders.[13]

Respectfully submitted,

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)

cc: Counsel of Record (*Via* Hand Delivery)

---

[8] ▮

[10] Those cases are readily distinguishable. *ST Sales* featured specific business roles for the attorneys at issue "so extensive that it went beyond the typical role of outside counsel." *PACid Group v. Apple*, No. 6:09-cv-143-LED-JDL, slip op. at 8 (E.D. Tex. Feb. 19, 2010). In *ProBatter*, the attorneys at issue were the owners of a competing pitching machine company that sued a competitor. 2006 U.S. Dist. LEXIS 74219, at *6-8, 13 (N.D. Iowa 2006). ▮

[13] *See* Exs. C-E, which are identical in all respects to defendants' proposals with the exception of the unnecessary and unjustified competitive decisionmaker provisions.

3