

June 10, 2013

**VIA E-FILING**
The Honorable Richard G. Andrews
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 9, Rm 6325
Wilmington, DE 19801-3555              **FILED UNDER SEAL**

Re:   *Round Rock Research, LLC v. Lenovo Holding Co.*, Civ. A. No. 11-1011-RGA

Dear Judge Andrews:

    We write on behalf of plaintiff Round Rock Research, LLC ("Round Rock") regarding defendants' (Lenovo Holding Co. and Lenovo (United States) Inc.; collectively "Lenovo") refusal to provide complete responses to Round Rock's written discovery requests relating to all accused products in this case. Since the beginning of this action, Round Rock has clearly identified Lenovo's products and product lines that contain infringing functions, capabilities and features in its October 21, 2011 Complaint (D.I. 1), its April 4, 2012 Initial Disclosures, and its July 13, 2012 Preliminary Infringement Contentions. But Lenovo has unilaterally determined that it will only provide discovery relating to six products. Adopting an artificially restrictive view of this Court's Scheduling Order (D.I. 21), Lenovo contends that those six products are the *only* accused products at issue in this litigation because Round Rock charted those six as exemplary products in its Infringement Contentions. But that position is contrary to both the Court's order and controlling law, and has been adopted solely to frustrate legitimate discovery. Therefore, Round Rock respectfully requests that the Court overrule Lenovo's objection to Round Rock's discovery requests on the full scope of products identified in its Complaint, Initial Disclosures, and Infringement Contentions, and compel Lenovo to provide complete responses to Interrogatories Nos. 3-9, and Document Request Nos. 7, 15, 26, 31, 34, 36, and 37.

    Round Rock filed the Complaint in this action on October 21, 2011, accusing Lenovo of infringing eight patents directed to various technologies present in computers. (D.I. 1.) The Court held a scheduling conference on March 5, 2012. *See* Exh. A.[1] Round Rock served its initial disclosures on April 4, 2012, which identified accused products pursuant to Delaware Default Discovery Standard Paragraph 4(a). *See* Ex. B.[2] Round Rock served its Infringement Contentions on July 13, 2012. *See* Ex. C.[3] Consistent with the scheduling order, those contentions provided an infringement chart for each patent-in-suit clearly presenting (1) Round Rock's infringement contentions based on common architecture or standards compliance, (2) infringement charts for representative products consistent with the infringement contentions related to all such common architecture or standards compliance, and (3) included a list of products that—according to publicly-available information—infringe for the same reasons as the exemplary products. *See id.*

---

[1] Ex. A (excerpt of the March 5, 2012 hearing conference transcript).
[2] Ex. B (excerpt of Round Rock's Initial Disclosures).
[3] Ex. C (excerpt of Round Rock's Preliminary Infringement Contentions).

Round Rock served nine interrogatories on September 18, 2012. Six interrogatories related specifically to the "Accused Products," defined as the products named in its Complaint as well as Exhibit 2 to its Preliminary Infringement Contentions. *See* Exs. D, E[4]. Lenovo objected to Round Rock's definition of "Accused Products," ignored the complaint, Initial Disclosures, and Infringement Contentions, and instead declared that it would redefine "Accused Products" to include only the six exemplary products, despite Round Rock's clear statements of the accused infringing architecture and standards. *See* Exs. F, G, H[5]. Lenovo responded to all Interrogatories and Document Requests by limiting its responses to only the six representative products.

In an effort to resolve the parties' disagreement, Round Rock raised this issue with Lenovo's counsel on November 1, 2012. *See* Ex. I[6]. The parties met and conferred on December 12, 2012. Though it maintained its objections, Lenovo continued to serve document productions on Round Rock. After reviewing those productions and determining that Lenovo had continued to withhold discovery relating to the full scope of the accused products in the case, Round Rock's counsel confirmed that the parties were at impasse.

Lenovo's discovery responses do not comply with the Court's March 9, 2012 Scheduling Order or controlling law. First, the Court's March 9, 2012 Scheduling Order provides that "plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by identifying specifically where each element of each asserted claim is found within each accused product." (D.I. 21.) Round Rock provided a detailed claim chart for each patent-in-suit. Round Rock also provided a list of Lenovo products that infringe each patent in the same way and for the same reasons as the exemplary charted products. The Scheduling Order does not require Round Rock to chart each product where its infringement contentions were identical, particularly because its infringement contentions for six of the patents were based on identified industry standards (with which all accused products comply), and for two of the patents were based on common product architecture (again, which all of the accused products contain). Round Rock's claim charts clearly state those standards-based and architecture-based contentions, and identify with precision which products are accused of infringing each patent.

---

[4] Ex. D (excerpt of Round Rock's First Set of Interrogatories to Lenovo); Ex. E (excerpt of Round Rock's First Set of Requests for Production to Lenovo).

[5] Ex. F (excerpt of Lenovo's Objections and Responses to Round Rock's First Set of Interrogatories to Lenovo (Nos. 1-9)); *see also* Ex. G (excerpt of Lenovo's Objections and Responses to Round Rock's First Set of Requests for Production); Ex. H (August 10, 2012 letter from J. Mercadante to J. McDavit).

[6] Ex. I (November 1, 2012 letter from L. Nowierski to J. Mercadante).

Second, the Court never limited this case to the specific products that Round Rock acquired and inspected before filing suit.[7] Instead, the Court ordered Round Rock to produce any information it had that supported its infringement claims, recognizing that Round Rock would only be able to provide the information it had gathered from the publicly available sources. Ex. A at 10-12. Consistent with that order, Round Rock disclosed the publicly-available information it had and the representative products it had acquired and examined.

Finally, controlling law and the law of this District permits claim charts relying on industry standards, and does not permit an accused infringer to withhold discovery simply by asserting that claim charts are inadequate. Infringement contentions provide an accused infringer with notice of the patent holder's infringement theories and "serve as a mechanism to facilitate discovery during the initial stages of the litigation." *See, e.g., Tessera Inc. v. Sony Elecs. Inc.*, No. 10-0838, 2012 U.S. Dist. LEXIS 180771, at *11 (D. Del. Aug. 8, 2012). Indeed, the Federal Circuit has confirmed that a patentee can rely on industry standards or common architecture when charting its initial infringement contentions using representative products. *See, e.g., Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327-28 (Fed. Cir. 2010). Because Round Rock based its infringement charts on precisely identified industry standards or common architecture used in the accused products, Lenovo has sufficient notice of (1) the identity of the accused products and (2) Round Rock's infringement theories for all those accused products.

Moreover, a defendant's restrictive view of what constitutes an accused product is not an excuse to resist relevant discovery. *See Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 282 (D. Del. 2013); *Tessera*, 2012 U.S. Dist. LEXIS 180771, at *11. Both *Invensas* and *Tessera* specifically hold that Delaware's Initial Disclosures do not bar discovery of even unaccused products, so long as a patentee (1) "has articulated how the unaccused products are relevant to its existing claims of infringement"; (2) "identif[ied] such products via publicly available information prior to the request"; and (3) the request does not unduly burden the defendant. *Invensas*, 287 F.R.D. at 282. Accordingly, Round Rock seeks discovery on the full scope of the products it identified in its Complaint, Initial Disclosures, and Infringement Contentions.[8]

In conclusion, Round Rock's industry-standard and common-architecture infringement contentions comport with the letter and the spirit of the Court's orders and the applicable law, and neither Delaware law nor the Court's scheduling order in this matter permits Lenovo to withhold responsive documents and discovery relevant to Round Rock's contentions in this case. Accordingly, Round Rock respectfully requests that the Court overrule Lenovo's unjustified objections and compel Lenovo to provide complete discovery responses to Round Rock's Interrogatories Nos. 3-9 and Document Request Nos. 7, 15, 26, 31, 34, 36, and 37.

---

[7] Indeed, under the circumstances of this industry, where manufacturers may have multiple suppliers for the same component in identical products, there is no practical way to purchase all versions of the same product model to discover the component information that Lenovo is withholding. Yet, under Lenovo's theory, that variety of its suppliers insulates infringing activity from discovery, which does not comport with common sense or the law.

[8] Lenovo has cited *Honeywell Int'l Inc. v. Audiovox Commc'ns Corp.*, No. 04-1337, 2005 U.S. Dist. LEXIS 41822 (D. Del. Oct. 9, 2005) as its (only) support for withholding discovery. But *Honeywell* is easily distinguishable: unlike in that case, Round Rock provided Lenovo a specific list of Accused Products and identified a specific theory of infringement for each product. Exs. B, C. Moreover, the *Invensas* Court addressed *Honeywell*, noting that it did *not* "stand for the bright-line proposition that, in all cases, a plaintiff cannot take discovery on products it has not accused of infringement." *See Invensas*, 287 F.R.D. at 281-82. .

Respectfully submitted,

/s/ Brian E. Farnan

cc: Counsel of Record (via CM/ECF)

Brian E. Farnan