IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 11-1011-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LENOVO HOLDING CO., INC., and | ) |
| LENOVO (UNITED STATES) INC. | ) **PUBLIC VERSION** |
| | ) |
| Defendants. | ) |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS
FROM DAVID E. MOORE REGARDING DISCOVERY DISPUTE**

Enclosures
cc: Clerk of the Court (via Hand Delivery)
 Counsel of Record (via Electronic Mail)

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

Dated: June 11, 2013
Public Version Dated: June 18, 2013
1110055 / 38491

*Attorneys for Defendants Lenovo Holding Co.,
Inc., and Lenovo (United States) Inc.*



Potter
Anderson
Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**David E. Moore**
Partner
Attorney at Law
dmoore@potteranderson.com
302 984-6147 Direct Phone
302 658-1192 Fax

June 11, 2013; Public Version Dated: June 18, 2013

**VIA ELECTRONIC-FILING**
The Honorable Richard G. Andrews                           **PUBLIC VERSION**
The United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Round Rock Research, LLC v. Lenovo Group Ltd., et al.*, C.A. No. 11-1011-RGA

Dear Judge Andrews:

    We write on behalf of Lenovo in response to the June 10, 2013 letter brief of Round Rock. Contrary to Round Rock's assertions, it is Round Rock and not Lenovo that has limited this case to a handful of accused products. The Court's March 9, 2012 scheduling order (D.I. 21) required the plaintiff to "produce to each defendant an initial claim chart relating <u>each accused product</u> to the asserted claims <u>each</u> product allegedly infringes . . ." D.I. 21 at page 2 (emphasis added). In response, on July 13, 2012, Round Rock served Infringement Contentions (attached as Exhibit A) that provided claim charts for only six specific products. Round Rock then listed a slew of additional "Relevant Lenovo Product Lines" and "Exemplary Products" as Exhibit 2 to its Infringement Contentions, *but provided no explanation as to how the six charted products related to the "exemplary products," or what made the hundreds of other products in the "relevant product lines" relevant.* Round Rock's attempt to include these additional, non-charted products and product lines in its contentions merely through their listing in Exhibit 2 does not comply with the Court's Scheduling Order.

    Despite being put on notice of these deficiencies almost immediately after Lenovo's receipt of the Infringement Contentions, Round Rock elected to ignore the dispute for almost a year until bringing it to the Court's attention less than three months before the close of fact discovery.[1] More specifically, Lenovo notified Round Rock on August 10, 2012 that listing entire product lines as "relevant" to the asserted patents, without providing corresponding infringement charts or showing how the additional products were similar to the charted products, was an improper attempt to enlarge the scope of the case and do an end-run around the contention requirement set forth in the Scheduling Order. *See* Exhibit B, August 10, 2012 Letter from Mercadante to McDavit. Lenovo further noted that even the six claim charts were improper in that in many instances they did not compare the patent claims with the specific accused

---

[1] Pursuant to the parties' recent Stipulation Modifying the Scheduling Order (D.I. 80), fact discovery is currently set to close on August 21, 2013.

The Honorable Richard G. Andrews
June 11, 2013; Public Version Dated: June 18, 2013
Page 2

products, but rather compared the patent claims to documents describing (at times, optional) features of general technical standards.[2] Due to the ambiguities in the Infringement Contentions, Lenovo specifically asked if the allegations of infringement were based on compliance with technical standards. Exhibit B at page 3.

Round Rock replied that no additional claim charts or explanation would be provided, and additionally refused to state whether the additional products were being accused solely due to their compliance with operational standards. According to Round Rock, its claim charts "provide the information the Court requested and speak for themselves." *See* Exhibit C, August 20, 2012 Letter from Nowierski to Mercadante. Round Rock has since made no attempt to update its claim charts, or otherwise contend that any of its patents are essential to any particular technical standard (i.e., contend that its patents necessarily cover every implementation of the standard), or otherwise describe how the uncharted products are similar to the charted products.

A similar dispute arose regarding the identification of only particular components in Lenovo's products. *See* Exhibit B. For example, for the Lenovo laptop accused of infringing the '613 patent, Round Rock points to a memory chip allegedly manufactured by Hynix. Exhibit A, Infringement Contentions, at Ex. E ('613 Patent). In the single claim chart provided for that patent, Round Rock also relied on a Hynix publication that allegedly discloses how certain aspects of that memory chip operate. Lenovo informed Round Rock that only the laptop with Hynix-brand memory was properly accused of infringement, and that if Round Rock intended to accuse other components, updated claim charts must be provided. Round Rock refused.

After some additional correspondence related to the discovery issues[3] (*see* Exhibit D), the parties met and conferred on December 11, 2012. The parties agreed that an impasse had been reached. Instead of contacting the Court to schedule a discovery hearing pursuant to the Court's procedures, plaintiffs elected to do nothing until May 22, 2013 — over five months later — when Round Rock sent another e-mail confirming the impasse. *See* Exhibit F.

---

[2] Some portions of the standards documents that Round Rock references describe optional features of the standards. Round Rock fails to recognize that often "an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement. . . . Only in the situation where a patent covers every possible implementation of a standard will it be enough to prove infringement by showing standard compliance." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327–28 (Fed. Cir. 2010); *see, e.g., Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 708 (E.D. Tex. 2008) (infringement contentions relying solely on compliance with the 802.11n standard were insufficient because the standard "does not outline specific implementation details for compliant devices").

[3] In addition to correspondence regarding the sufficiency of Round Rock's Infringement Contentions, Lenovo also served objections to Round Rock's Interrogatories on October 18, 2012, objecting to Round Rock's definition of "Accused Products" as overly broad in view of the insufficient Infringement Contentions. Pursuant to Section 5(b) of the Court's Default Standard for Discovery, Lenovo also notified Round Rock of the search terms it would use to locate potentially relevant ESI. *See* Nov. 6, 2012 Letter from Kaplan to Nowierski, attached as Exhibit E. Despite having the opportunity to expand the scope of the search by suggesting an additional 10 terms under Section 5(b), Round Rock did not suggest any additional search terms.

Having delayed as it did, Round Rock should not be entitled, about ten weeks from the end of fact discovery, to now attempt to enlarge the scope of the case from the six charted accused products to hundreds or more products. Round Rock has been on notice of the insufficiencies in its Infringement Contentions since August 10, 2012. The burden of now providing discovery on so many products (to the extent Lenovo is even aware of what products are being accused, and which components of those products are being accused)[4] would prejudice Lenovo immensely considering the time left in fact discovery.

Your Honor held in the *Power Management* case that increasing the number of accused products from five to 318 was improper in light of the schedule. Exhibit G, Tr. at 19:18-24:

> [B]ecause it strikes me there actually is, from what I could gather, a big problem with having eight months of suit go by and having a scheduling order and procedures set in place and having five identified processors or products, and then having 318 products or processors, you know, that it — it seems to me that is a big change in the nature of the case.

That case was limited to the five originally-accused products, plus an additional five products from each product family. *Id.* at 26:22-23; 37:1-10. *See also Pi-Net Int'l, Inc. v. Bank of Am., N.A.*, C.A. No. 12-280-RGA (D. Del. October 10, 2012) (attached as Exhibit H) (limiting plaintiff to six accused instrumentalities per defendant); *Voxpath RS, LLC v. LG Elecs. U.S.A., Inc.*, No. 12-952-DMC-MF, 2012 U.S. Dist. LEXIS 163076 (D.N.J. Nov. 14, 2012).[5]

For these reasons, Round Rock's motion to compel should be denied. The case has proceeded for over ten months with Round Rock having set forth its infringement contentions for, at most, six products. Now, with discovery rapidly coming to a close, Round Rock seeks to have the Court add hundreds more products to the case, including additional components that may or may not be encompassed by Round Rock's current Infringement Contentions. This would unfairly prejudice Lenovo.

---

[4] It is unclear if the entire "relevant" product lines, which contain various products with varying functionality, are even being accused of infringement.

[5] In the *Honeywell* case, Judge Jordan held that a plaintiff may not enlarge the scope of the case by placing additional burdens on the defendants to identify possibly-infringing products. *Cf.* Exhibit I, Tr. at 28:12-20: "But what you are not entitled to do is to say you manufacture 15 different kinds of cell phones. We tore down three. Tell us about your other 12. . . . that is not what the law requires, and it's not what I'm going to require them to do." The *Honeywell* case, as addressed by *Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273 (D. Del. 2012), notes that where a product or group of products can be easily torn down and examined, as here, the burden should not be put on the defendants to determine which products allegedly infringe the patents. *Invensas*, 287 F.R.D. at 282. *Invensas* also noted that the specificity with which the plaintiff has articulated how the unaccused products are relevant to the existing claims of infringement bears upon whether the plaintiff is likely to receive discovery on these products. *Id.* at 282. Here, Round Rock's contentions are devoid of any explanation as to how the claims of infringement for the charted products relate to the uncharted products.

The Honorable Richard G. Andrews
June 11, 2013; Public Version Dated: June 18, 2013
Page 4

                                      Respectfully,

                                      */s/ David E. Moore*

                                      David E. Moore

DEM:nmt/1110055 / 35832

Enclosures
cc:    Clerk of the Court (via Hand Delivery)
        Counsel of Record (via Electronic Mail)